IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YANQIU RACHEL SUN | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:20-cv-4171 |
| | § | |
| v. | § | JURY |
| | § | |
| TETRA TECHNOLOGIES, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, YANQIU RACHEL SUN ("Sun" or "Plaintiff"), Plaintiff in the above styled and numbered cause, and files this Plaintiff's Original Complaint (the "Complaint"), complaining of TETRA TECHNOLOGIES, INC. ("Tetra" or "Defendant"), and for cause of action, would show as follows:

### I. INTRODUCTION

1.  This action seeks back pay, front pay, compensatory damages, mental anguish damages, punitive/exemplary damages (where applicable), attorney's fees, expert witness fees, taxable costs of court, and pre-judgment and post-judgment interest for discrimination suffered by Sun in the course of her employment with Defendant and as result of Defendant's unlawful acts. Sun complains that she was discriminated against regarding the terms and conditions of her employment because of her Asian race and Chinese national origin. These claims are brought under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code (Chapter 21 or "TCHRA"). Sun demands a jury on all issues triable to a jury.

## II. PARTIES

2. Sun resides in the United States and is currently a resident of Sandy, Utah.

3. Defendant Tetra is a Delaware corporation with its principal office located at 24955 Interstate 45, The Woodlands, TX 77380. Defendant's registered agent for service of process is Capitol Corporate Services, Inc., who may be served at 206 E. 9th Street, Suite 1300, Austin, TX 78701.

## III. JURISDICTION AND VENUE

4. This action is brought under 42 U.S.C § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2, *et. seq*. and Chapter 21 of the Texas Labor Code. *See* 28 U.S.C. § 1331.

5. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division, as all of the acts and conduct charged herein occurred in this District. *See* 28 U.S.C. § 1391(b)(2).

6. This Court has jurisdiction over all claims in this action. The amount in controversy is within the jurisdictional limits of this Court.

## IV. PROCEDURAL REQUISITES

7. Sun filed a Charge of Discrimination (the "Charge") against Defendant under Charge Number 460-2020-01168 with the U.S. Equal Employment Opportunity Commission ("EEOC"). Per EEOC policy, the Charge was co-filed with the state agency (Texas Workforce Commission – Civil Rights Division). In her Charge, Sun asserted that Defendant discriminated against her because of her Asian race and Chinese national origin. Specifically, Sun asserted that she was treated less fairly than other Caucasian employees when she was terminated after being

subjected to derogatory race-related comments and being excluded from company meetings due to her national origin. Other employees who were not Asian or Chinese were not terminated. A Notice of Right to Sue was issued by the EEOC on September 21, 2020. This suit is timely filed. Both the EEOC charge and Right to Sue letter are attached to this Complaint as **Exhibit 1**. Both are incorporated by reference.

8. All conditions precedent to filing this complaint have been met.

### V. FACTS

9. Sun began working for Tetra in 2017. Her position was Senior Research Associate.

10. Sun is an Asian female born in China.

11. At all times relevant hereto, Sun was qualified to perform her job.

12. On February 8, 2018, Sun received a performance evaluation that noted her job performance was either "Exceptional" or "Delivers Expectations." However, the reviewer noted that Sun's first language is Mandarin and noted that Sun should take an English course.

13. Despite having a PhD and being able to communicate in English well enough to have published works in her field (written in English), Sun's supervisor continued to focus on Sun's accent, English proficiency, and national origin. In early 2019, Sun's supervisor Arthur Mack noted "her written and verbal English are still not good." Mack also noted that "[improving] both her written and spoken English …. is key to her becoming more effective."

14. Mack's animus toward Asians and Chinese became apparent when in frustration, Mack said "f**king slow Chinese" to Sun during a work discussion. This derogatory statement was observed by other employees of Tetra.

15. Despite her direct supervisor's animus, Sun was awarded a merit increase in pay by CEO Brady Murphy in August 2019. The memo presented to Sun stated that the increase was "[i]n recognition of [her] past contributions and ongoing commitment to the company."

16. In the Summer of 2019, Sun complained to her supervisors that she was being excluded from company meetings. Sun noticed that the was the only Asian and Chinese employee who was excluded from the meetings.

17. In August 2019, Sun's research paper "Measuring Gel Strength with a Texture Analyzer" was accepted by the Society of Petroleum Engineers for an upcoming conference. This remarkable accomplishment was achieved despite her direct supervisor's preoccupation and claim that Sun was unable to adequately communicate in English. Tetra publicized Sun's accomplishments using its PR channels.

18. In November 2019, despite her accomplishments including the acceptance of a research paper and acknowledged merit pay increases, Sun was presented with a memo from her supervisors Arthur Mack and Judy Guy-Caffey (on information and belief, both Caucasian), informing Sun that her employment was terminated.

19. On November 19, 2019, Sun learned that Tetra was openly advertising her job position online.

20. Sun has suffered mental anguish, embarrassment, and emotional suffering because of the acts of Defendant.

21. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Sun has suffered damages including, but not limited to, back pay, front pay, mental anguish, attorney's fees, and costs. Sun also seeks damages for mental anguish and punitive damages. When a federal claim overlaps with a pendant state claim, the plaintiff is entitled to the

maximum amount recoverable under either the federal or state claim. *Cryak v. Lemon*, 919 F.2d 320, 326 (5th Cir. 1990). As shown above, Defendant acted with malice or reckless indifference to Sun's rights.

## VI. CAUSES OF ACTION

**COUNT I – RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER TITLE VII**

22. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

23. Defendant discriminated against Sun in violation of Title VII.

24. Sun was subjected to different terms and conditions of employment and was ultimately terminated by Defendant because of her Asian race and Chinese national origin.

25. Sun belongs to a protected class.

26. Sun was qualified for her position.

27. Sun was discharged – because of her Asian race and Chinese national origin while Caucasian or U.S. citizen employees were not.

28. Further, Defendant committed a violation because race was the sole or motivating factor for a discriminatory employment practice (not following its step-discipline procedures, termination), even though other factors also motivated the practice.

29. As a result of Defendant's discriminatory actions, Sun has suffered lost wages and benefits in the past and future, emotional pain and suffering, and mental anguish, all of which were caused by Defendant's treatment of Sun. In all probability, Sun will continue to suffer such damages in the future.

30. Further, Defendant acted with malice or, in the alternative, with reckless indifference to the protected rights of Sun.

## COUNT II – RACE AND NATIONAL ORIGIN DISCRIMINATION UNDER CHAPTER 21

31. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

32. Defendant discharged Sun and discriminated against Sun in connection with compensation or the terms, conditions, or privileges of her employment because of Sun's Asian race and Chinese national origin.

33. Further, Defendant limited, segregated, and classified Sun in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

## COUNT III – DISCRIMINATION IN VIOLATION OF 42 U.S.C § 1981

34. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

35. Like Title VII, 42 U.S.C. § 1981 also prohibits employment discrimination on the basis of race. *Johnson v. Railway Express Agency*, 421 U.S. 454, 459–60 (1975). Specifically, § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Claims of race-based discrimination brought under § 1981 are governed by the same framework applied to claims of employment discrimination brought under Title VII. *See Harrington v. Harris*, 118 F.3d 359, 367 (5th Cir. 1997) (citing *LaPierre v. Benson Nissan, Inc.*, 86 F.3d 444, 448 n.2 (5th Cir. 1996)).

36. By the conduct described above, Defendant intentionally deprived Sun of the same rights as are enjoyed by white citizens to the creation, performance, enjoyment, and all

benefits and privileges of the contractual employment relationship with Defendant, in violation of 42 U.S.C. §1981.

38. As a result of Defendant's discrimination in violation of Section 1981, Sun has been denied employment opportunities providing substantial compensation and benefits, thereby entitling her to monetary relief; and Sun has suffered anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendant's actions, thereby entitling her to compensatory and other damages.

## VII. DAMAGES

38. As a result of Defendant's conduct, Sun seeks the following relief: (1) back pay, including, but not limited to, her salary, bonuses, and benefits; (2) front pay, including, but not limited to, her salary, bonuses, and benefits; (3) other actual and compensatory damages; (4) costs of court, expert fees, and attorney's fees; (5) damages for mental anguish and emotional distress in the past and future; and (6) punitive damages.

39. Additionally, since Defendant's actions were committed maliciously, willfully, or with reckless indifference to Sun's protected rights, Sun is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter Defendant and others similarly situated from this conduct in the future.

## VIII. JURY DEMAND

40. Sun requests a trial by jury on issues triable by a jury in this case.

## IX. PRAYER

WHEREFORE, Plaintiff YANQIU RACHEL SUN respectfully prays that upon final trial hereof, the Court enter judgment in favor of Plaintiff, that this Court grant her appropriate back pay, including, but not limited to, her salary, bonuses, and benefits; front pay, including her salary, bonuses, and benefits; mental anguish and emotional distress in the past and the future; compensatory damages; punitive damages as allowed by law; reasonable attorney's fees both for the trial of this cause and any and all appeals as may be necessary; all expert witness fees incurred in the preparation and prosecution of this action; pre-judgment and post-judgment interest as allowed by law; taxable court costs; and any such additional and further relief that this Court may deem just and proper.

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
Fed ID No. 1760723
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

ATTORNEYS FOR PLAINTIFF
YANQIU RACHEL SUN