United States Courts
Southern District of Texas
FILED

November 13, 2023

Nathan Ochsner, Clerk of Court

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 19, 2023

Lyle W. Cayce
Clerk

No. 22-20646

---

YANQIU RACHEL SUN,

*Plaintiff—Appellant,*

*versus*

TETRA TECHNOLOGIES, INCORPORATED,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-4171

---

Before HIGGINBOTHAM, SMITH, and ELROD, *Circuit Judges.*

PER CURIAM:*

Yanqiu Rachel Sun claims that TETRA Technologies, Inc. fired her on the basis of her gender, race, and national origin in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and Chapter 21 of the Texas Labor Code. The magistrate judge issued a report and recommendation (the "R&R") urging the district court to grant TETRA's motion for summary judgment, which the district court adopted. Sun appeals. We AFFIRM.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20646

## I.

In September 2017, TETRA Technologies, Inc. hired Yanqiu Rachel Sun. While her performance was initially well regarded, she was told by the end of the next year that her performance had declined: her performance review classified her as "[n]eeds improvement" and identified her "teamwork, collaboration, and communication" as specific weaknesses. Amidst further difficulties at work, Sun was eventually let go in November 2019. Sun sued, alleging racial discrimination.

The district court referred all motions for summary judgment to the magistrate judge assigned to the matter. In his R&R, the magistrate judge assumed Sun had established a prima facie case of discrimination under the ubiquitous *McDonnell Douglas* framework. TETRA put forward evidence detailing Sun's deficient performance, a non-discriminatory reason for her termination satisfying the second phase of the *McDonell Douglas* tripartite examination, which the R&R found was sufficient to meet its burden of vitiating the presumption of discrimination arising from the establishment of a prima facie case. Sun counters with six occurrences supporting her contention that TETRA's non-discriminatory reasons were pretextual: (1) remarks by one of her supervisors, Arthur Mack; (2) ignoring Sun's report to Mack's supervisor Judy Guy-Caffey about Mack's discriminatory animus; (3) Mack and Guy-Caffey's interference in Sun's publication; (4) her merit-based raises; (5) her replacement by white employees at the company; and (6) the company's failure to follow its procedures of placing employees on a Performance Improvement Plan ("PIP") to remediate issues. The R&R exhaustively addressed each of these arguments and concluded that Sun cannot sustain her claim.

No. 22-20646

## II.

Our review of the district court's adoption of the R&R and attendant grant of summary judgment is *de novo*.[1] Sun brings the same arguments on her appeal, albeit in a different order. None persuade.

## A.

First, while the magistrate judge and thereafter the district court assumed that Sun established a *prima facie* case of discrimination, the Parties now dispute whether Sun met this initial burden; that is, that she: (1) is in a protected class, (2) was otherwise qualified for the position, (3) suffered an adverse employment action, and (4) was replaced by or treated less favorably than similarly situated employees outside her protected class under nearly identical circumstances.[2] However, the Court need not address this issue. Even assuming, *arguendo*, that Sun established a *prima facie* case of discrimination, her claim nonetheless fails because she has not rebutted TETRA's nondiscriminatory reasons for her termination.

This Court has repeatedly held that performance issues can provide a sufficient nondiscriminatory reason for employment actions. TETRA put forward several nondiscriminatory reasons for her termination, each speaking to job performance. Sun forwards six counterarguments—(1) Mack's remarks, (2) Sun's report to Guy-Caffey, (3) interference in Sun's

---

[1] *See Playa Vista Conroe v. Ins. Co. of the W.*, 989 F.3d 411, 414 (5th Cir. 2021).

[2] *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir. 2012). Additionally, the provisions of Chapter 21 of the Texas Labor Code are "modeled on the Federal Civil Rights Act of 1991 (Title VII); thus, Texas courts follow federal statutes and cases in applying the statute." *Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 507-08 (Tex. App.-Houston [14th Dist.], 2008, pet. denied). This Court has therefore used the same analytical framework to evaluate discrimination claims under federal and Texas law. *See, e.g., Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001).

3

publication, (4) Sun's merit-based raises, (5) Sun's replacement by white employees, and (6) TETRA's failure to follow PIP procedures. The first and sixth arguments are Sun's strongest, but each fails.

Mack said "f-cking slow Chinese" during a meeting, noted Sun's written and verbal English skills were not good, and made "inappropriate" and cringeworthy comments about her. The significance of Mack's comments turns on whether they are stray remarks.[3] Hence our decisions advise that, "[a]fter the Supreme Court's admonition in *Reeves*, our pre-*Reeves* jurisprudence regarding so called 'stray remarks' must be viewed cautiously."[4] Following *Reeves*, the Fifth Circuit has held comments are circumstantial evidence when they evince animus and are made by someone principally responsible for the plaintiff's firing.[5] Those elements are met here.

However, while Mack's comments are evidence of pretext, they are insufficient to survive summary judgment. The successful use of circumstantial evidence requires that the discriminatory remarks be "just one ingredient in the overall evidentiary mix."[6] As explained in the R&R and what follows, none of Sun's other arguments regarding pretext are convincing. That is, Mack's comments are the only ingredient.

Sun also alleges that TETRA failed to follow its "performance improvement plan" procedures which indicates the company's

---

[3] *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 457-58 (5th Cir. 2019).

[4] *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 229 (5th Cir. 2000) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2111 (2000)).

[5] *Id.*; *McMichael*, 934 F.3d at 457-58; *Goudeau v. Nat'l Oilwell Varco, L.P.*, 793 F.3d 470, 477 (5th Cir. 2015) (noting that a more flexible standard applies when comments are offered as circumstantial evidence of discrimination).

[6] *McMichael*, 934 F.3d at 457-58 (5th Cir. 2019) (citing *Goudeau*, 793 F.3d at 475).

No. 22-20646

discriminatory intent. While it is correct that "a departure from procedure can show discriminatory motive,"[7] our precedent also makes clear that an employer's

> failure to follow its own policy is not probative of discriminatory animus in absence of proof that the plaintiff was treated differently than other non-minority employees because Title VII does not protect employees from the arbitrary employment practices of their employer, only their discriminatory impact.[8]

Though neither party disputes that TETRA failed to adhere to its procedure, Sun did not offer evidence that its deviation was along racial lines.

Sun's remaining arguments also fail to persuade. Though we agree with the R&R's more fulsome analysis, we offer a quick summary. While Sun stated in her declaration that she attempted to get help from a superior, Guy-Caffey, regarding her relationship with Mack, there is "no mention [] in the summary judgment record of Sun discussing with Guy-Caffey any hostility or apparent racial bias by Mack," forestalling her argument that Guy-Caffey's failure to respond is evidence of racial discrimination. Sun's research paper also offers no foothold, as she fails to rebut TETRA's assertions of statistical inaccuracy or incompletion.[9] Finally, that Sun's performance was previously recognized and rewarded will not carry the day,

---

[7] *McMichael v. Transocean Offshore Deepwater Drilling, Inc.*, 934 F.3d 447, 460 (5th Cir. 2019).

[8] *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 345–46 (5th Cir. 2007) (citing *Upshaw v. Dall. Heart Grp.*, 961 F. Supp. 997, 1002 (N.D. Tex. 1997)).

[9] *See Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 827 n.10 (5th Cir. 2022) (noting that a failure to provide the "underlying facts" of purported pretext cannot overcome a non-discriminatory justification).

No. 22-20646

as her effective performance predates many, though not all, of the concerns raised.[10]

We find no reversible error of law or fact regarding Sun's discrimination claim and affirm essentially for the reasons stated in the magistrate judge's thorough and exhaustive report, adopted by the district court as its opinion.

### B.

Sun also argues that the R&R and the district court erred in concluding that her complaint failed to raise a hostile work environment claim arising under § 1981.

Federal procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."[11] To that end, federal "pleading standards don't demand such precision in terminology or any magic words."[12] This said, "[t]he plaintiff is required to give fair notice in the pleadings of all claims brought against the defendant."[13] Accordingly, "a district court considering a defendant's motion for summary judgment does not err by disregarding a theory of liability asserted in the plaintiff's response that was not pleaded as required by the applicable pleading standard."[14] That was the case here.

---

[10] *See, e.g., Jackson v. Watkins*, 619 F.3d 463, 467 (5th Cir. 2010) ("[A] plaintiff asserting a Title VII claim must rebut *each* of the defendant's nondiscriminatory reasons in order to survive summary judgment[.]" (emphasis added)).

[11] FED. R. CIV. P. 8(a)(2).

[12] *Boudreaux v. Louisiana State Bar Ass'n*, 3 F.4th 748, 756 (5th Cir. 2021).

[13] *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 402 (5th Cir. 2013).

[14] *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) (citing *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204 (5th Cir. 2012)).

6

No. 22-20646

Sun's pleadings observe that "[l]ike Title VII[,] [§ 1981] also prohibits employment discrimination on the basis of race" and that "[c]laims of race-based discrimination brought under [§ 1981] are governed by the same framework applied to claims of employment discrimination brought under Title VII." This language speaks to racial discrimination, one of the cognizable theories of a § 1981 claim. By contrast, nowhere in the complaint does Sun use the words "hostile" or "environment," let alone articulate that theory. In a 230-page deposition, Sun used the word "hostile" once and there was no discussion of a pattern and practice of harassment. We agree with TETRA: "Simply put, Sun never alleged any sort of harassment or hostile work environment allegations prior to her response to TETRA's motion for summary judgment." No such separate hostile work environment claim was ever sufficiently presented to the magistrate or district courts, and the lower courts' attendant dismissal was correct.

\* \* \* \* \*

The judgment of the district court is AFFIRMED.